UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lenovo (United States) Inc., *Petitioner (ITC Complainant)*, v. ASUSTeK Computer Inc., Asus Computer International, *Defendants*. | Case: 1:24-mc-00042<br>Assigned To : Bates, John D.<br>Assign. Date : 4/5/2024<br>Description: Misc.<br><br>MOTION FOR ISSUANCE OF LETTER ROGATORY |

**MOTION BY ASUS FOR THE ISSUANCE OF A LETTER ROGATORY TO REALTEK SEMICONDUCTOR CORP.**

ASUSTek Computer Inc. and Asus Computer International ("ASUS"), Respondents in *Certain Electronic Computing Devices and Components Thereof*, Investigation No. 337-TA-1382 (the "Investigation") before the U.S. International Trade Commission, hereby move for the Court to issue, under its seal and signature, the attached Letter Rogatory on behalf of ASUS to obtain documents and deposition testimony from the following third party:

Realtek Semiconductor Corp. ("Realtek")
Number 2, Innovation Road II
Hsinchu Science Park
Hsinchu, 300
Taiwan

In this Investigation, Lenovo (United States) Inc. ("Lenovo US") has asserted U.S. Patents Nos. 7,792,066 ("the '066 Patent") and 10,952,203 ("the '203 Patent") against ASUS that allegedly pertain to the wireless functionality in the accused products and domestic industry products at issue in this Investigation. Realtek supplies Wi-Fi chips for the accused products and domestic industry products. Additionally, Realtek is expected to have prior art relevant to the

RECEIVED
APR - 5 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

'066 Patent and '203 Patent. As a result, Realtek is in possession of relevant discovery concerning the state of the art at the time of the '066 Patent and '203 Patent, the accused products, and the domestic industry products.

On March 7, 2024, ASUS filed a motion (unopposed) seeking a Recommendation from Administrative Law Judge Bhattacharyya to this Court to issue a Letter Rogatory in accordance with FED. R. CIV. P. 4(f)(2)(B), 28(b), and 28 U.S.C. §§ 1651 and 1781. Judge Bhattacharyya granted the motion on March 8, 2024.

ASUS is not aware of any Realtek subsidiary or any affiliates that are based in the United States that would be subject to the ITC's subpoena power. As a result, ASUS believes the proposed Letter Rogatory is the proper procedural mechanism to obtain discovery.

For the reasons explained in the accompanying memorandum in support of ASUS's motion, ASUS respectfully requests that the Court assign a Judge to this matter and expedite the issuance of the attached Letter Rogatory to the appropriate judicial authority of Taiwan.

DATED: April 5, 2024

Respectfully submitted,

BY: /s/ M. Scott Stevens

M. Scott Stevens (NC Bar No. 37828)
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
*Attorney for Respondent ASUS*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lenovo (United States) Inc., <br><br> *Petitioner (ITC Complainant)*, <br><br> v. <br><br> ASUSTeK Computer Inc., Asus Computer International, <br><br> *Defendants*. | Case No. _____ <br><br> MOTION FOR ISSUANCE OF LETTER ROGATORY |

### MEMORANDUM IN SUPPORT OF ASUS'S MOTION FOR THE ISSUANCE OF A LETTER ROGATORY TO REALTEK SEMICONDUCTOR CORP.

ASUSTek Computer Inc. and Asus Computer International ("ASUS"), Respondents in *Certain Electronic Computing Devices and Components Thereof*, Investigation No. 337-TA-1382 (the "Investigation") submits this memorandum in supports of its motion for the issuance of a letter rogatory on behalf of ASUS to Realtek Semiconduct Corp. ("Realtek").

In this Investigation, Lenovo (United States) Inc. ("Lenovo US") has asserted U.S. Patents Nos. 7,792,066 ("the '066 Patent") and 10,952,203 ("the '203 Patent") against ASUS that allegedly pertain to the wireless functionality in the accused products and domestic industry products at issue in this Investigation. Realtek supplies Wi-Fi chips for the accused products and domestic industry products. Additionally, Realtek is expected to have prior art relevant to the '066 Patent and '203 Patent. As a result, Realtek is in possession of relevant discovery concerning the state of the art at the time of the '066 Patent and '203 Patent, the accused products, and the domestic industry products.

On March 7, 2024, ASUS filed a motion (unopposed) seeking a Recommendation from Administrative Law Judge Bhattacharyya to this Court to issue a Letter Rogatory in accordance

1

with FED. R. CIV. P. 4(f)(2)(B), 28(b), and 28 U.S.C. §§ 1651 and 1781. Judge Bhattacharyya granted the motion on March 8, 2024.

ASUS now seeks the issuance of a letter rogatory on behalf of ASUS to obtain discovery from:

> Realtek Semiconductor Corp. ("Realtek")
> Number 2, Innovation Road II
> Hsinchu Science Park
> Hsinchu, 300
> Taiwan

The following documents are attached to this Motion:

- Exhibit 1: Order No. 15: Granting ASUS's Unopposed Motion Seeking the Administrative Law Judge to Recommend the United States District Court for the District of Columbia to Issue a Letter Rogatory to Realtek Semiconductor Corp.

- Exhibit 2: Judge Bhattacharyya's Recommendation to the United States District Court for the District of Columbia to Issue a Letter Rogatory for International Judicial Assistance to Obtain Evidence from Realtek Semiconductor Corp.

- Exhibit 3: Proposed Letter Rogatory to Realtek in English requesting International Judicial Assistance, including Attachment A (Document Requests), Attachment B (Deposition Topics), Attachment C (a copy of the Complaint by Lenovo US), Attachment D (a copy of the protective order filed in the underlying Investigation, which likewise includes a source code addendum labeled as Exhibit 1)

- Exhibit 4: Proposed Letter Rogatory to Realtek in Traditional Chinese requesting International Judicial Assistance, including Attachment A (Document Requests), Attachment B (Deposition Topics), Attachment C (a copy of the Complaint by Lenovo US), Attachment D (a copy of the protective order filed in the underlying Investigation, which likewise includes a source code addendum labeled as Exhibit 1)

**I.     Argument**

The ALJ in this case granted ASUS's motion for a recommendation that this Court issue Letter Rogatory because ASUS sought "highly relevant" information related at least to claims of non-infringement, lack of domestic industry, and invalidity of two of the asserted patents, and

because ASUS's claims were "narrowly tailored" to just the Wi-Fi chips manufactured by Realtek that are actually components of the accused products and the state of the art at the time of the invention of those two patents. *In re Certain Electronic Computing Devices and Components Thereof*, Inv. No. 337-TA-1382, Order Nos. 14 and 15 (March 8, 2024 and March 19, 2024).

ALJ's frequently grant such requests when the "Letter Rogatory is narrowly tailored in scope and seeks relevant information." *In re Certain Electronic Devices Having Wireless Communication Capabilities and Components Thereof*, Inv. No. 337-TA-1284, Order No. 18 (March 22, 2022); *see also In re Certain Electronic Devices Having Wireless Communication Capabilities and Components Thereof*, Inv. No. 337-TA-1284, Order No. 13 (January 20, 2022); *In re Certain Semiconductor Devices, Wirless Infrastructure Equipment Containing the Same, and Components Thereof*, Inv. No. 337-TA-1254, Order No. 6 (April 30, 2021).

### a. This Court Has the Authority to Issue Letters Rogatory to Taiwan

Although Taiwan is not a signatory to the Hague Conventions, service of process in Taiwan can still be effected pursuant to letters rogatory. *See* U.S. Dep't of State, Judicial Assistance Country Information, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html; *see also* Fed. R. Civ. O. 4(f)(2)(B); All Writs Act, 28 U.S.C. §§ 1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to a foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). Use of letters rogatory are frequently used to request foreign judicial assistance to obtain evidence abroad. *See, e.g., Bakeer v.Nippon Cargo Airlines, Co.*, 2011 WL 3625103, at *16 (E.D.N.Y. July 25, 2011) (explaining that "[t]he only method for obtaining the testimony of an unwilling Japanese witness is through 'a letter rogatory executed by a Japanese court'").

To be sure, this Court has previously granted such requests (including to Taiwan, as ASUS requests here). *See Ericsson Inc., et al., v. Apple Inc.*, No. 15-mc-00831-RCL, July 1, 2015, Dkt. No. 3; *Tessera Technologies, Inc., et al. v. Broadcom Limited, et al.*, No. 16-mc-1500-JDB, August 10, 2016, Dkt. No. 19. Accordingly, this Court has the authority to issue a letter rogatory to obtain discovery from Realtek (in Taiwan). *See* Fed. R. Civ. P. 4(f)(2)(B); 28 U.S.C. §§ 1651, 1781.

### b. The Discovery Sought Is Highly Relevant

In this Investigation, Lenovo US has asserted patents against ASUS that allegedly pertain to the wireless functionality in the products accused of infringement. Lenovo US has likewise relied on the wireless functionality in its own products it relies on for domestic industry purposes. Realtek—whom ASUS seeks discovery from—supplies the Wi-Fi chips for both those accused products and those domestic industry products. Discovery is thus highly relevant as to the functionality of the actual Wi-Fi chips. Additionally, Realtek is a company that has long been operating in the Wi-Fi space. ASUS has reason to believe that Realtek is in possession of prior art relevant to the asserted patents.

### c. The Discovery Sought Cannot Be Obtained Elsewhere

Because the relevant Wi-Fi chips are supplied by Realtek, and because the accused functionalities relate to the operation of the Wi-Fi chips (that cannot necessarily be ascertained merely from an examination of the chip itself), Realtek is the only party in possession of the highly-relevant discovery, including unique documents and source code. ASUS thus believes that this request is not obtainable through other means.

### d. The Discovery Sought Is Narrowly Tailored

ASUS narrowly tailored its discovery requests to seek only information related to the actual functionality of Realtek's Wi-Fi chips in the accused products, and for prior art regarding those

4

same functionalities. Those two requests largely go hand in hand, as the functionalities present on the chipsets today are likely informed by past iterations, which themselves may be prior art to the asserted patents.

### e. Any Discovery Would Be Subject to the Protective Order Entered In This Investigation

Realtek would be considered a supplier under the Protective Order entered in this case (and attached as an exhibit herein). The Protective Order would ensure that Realtek's interests are adequately protected because any documents, information, or testimony it products will remain confidential under the ITC's Protective Order.

### f. ASUS Will Comply With The Procedural Requirements

ASUS is fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from Realtek through the Letter Rogatory. The necessary steps to receive judicial assistance are: (1) obtain a letter rogatory with the signature of a District Court judge and the seal of the District Court, and a copy thereof translated into Traditional Chinese; (2) include in the letter rogatory a statement that a request for judicial assistance is being made in the interests of justice, the identities of the parties, the nature of the proceedings, the nature of the assistance sought, the name and address of the person abroad from whom evidence is to be compelled, a statement that the requesting court is willing to provide similar assistance to judicial authorities of the receiving state, and the identity of the party that will bear any costs; and (3) transmit the letter rogatory and accompanying documents to the Office of American Citizen Services for transmittal to the appropriate judicial authority of Taiwan and eventual enforcement in a Taiwanese court so that the Taiwanese court can serve the requests on Realtek.

## II. Conclusion

For the foregoing reasons, ASUS respectfully requests that the Court issue the attached Letter Rogatory to the appropriate judicial authority of Taiwan.

DATED: April 5, 2024               Respectfully submitted,

BY: /s/ *M. Scott Stevens*

M. Scott Stevens (NC Bar No. 37828)
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
*Attorney for Respondent ASUS*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Respondent ASUS conferred with counsel for Complainant Lenovo US, and this motion is unopposed.

/s/ *M. Scott Stevens*
M. Scott Stevens (NC Bar No. 37828)