## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Lenovo (United States) Inc.,

        Plaintiff,

v.

ASUSTeK Computer Inc. and
ASUS Computer International,

        Defendants.

Misc. Civ. No. 24-**42**

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The United States District Court for the District of Columbia presents its compliments to the Appropriate Judicial Authority in Taiwan, and requests international judicial assistance to obtain evidence to be used in an administrative proceeding before the United States International Trade Commission in Investigation No. 337-TA-1382, *In the matter of Certain Electronic Computing Devices and Components Thereof.* This Court has authority to submit this Letter Rogatory under 28 U.S.C. §§ 1651 and 1781(b)(2).

The Court requests the international judicial assistance of the Appropriate Judicial Authority of Taiwan, by the proper and usual process of Taiwan's courts, to compel the below-named third-party to produce documents requested in **Attachment A** and to be examined under oath through the person(s) most knowledgeable about the topics in **Attachment B**:

> **Realtek Semiconductor Corp.**
> Number 2, Innovation Road II
> Hsinchu Science Park
> Hsinchu, 300
> Taiwan (R.O.C.)

Based on the representations made by Defendants/Respondents ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS" or "Respondents"), this Court believes that

justice cannot be served between the parties unless the evidence requested herein is made available by the Appropriate Judicial Authority of Taiwan for use in an investigation being conducted by the U.S. International Trade Commission into whether (1) the domestic industry products of Complainant Lenovo (United States) Inc. ("Lenovo" or "Complainant") practice Lenovo's asserted patents; (2) the accused products of ASUS infringe Lenovo's asserted patents; and (3) Lenovo's asserted patents are valid and enforceable, each of which are necessary elements for Lenovo to obtain the remedy it seeks. This Court believes that Realtek Semiconductor Corp. ("Realtek") is in possession of unique documents and things and has unique knowledge regarding material facts that are highly relevant for the proper prosecution of the above-referenced administrative proceeding. This information is necessary and cannot be obtained without the assistance of the Appropriate Judicial Authority of Taiwan.

## I. FACTS.

The name of the proceeding for which the discovery is requested is *In the Matter of Certain Electronic Computing Devices and Components Thereof*, Investigation No. 337-TA-1382 (the "Investigation").

The Plaintiff is the Complainant in that Investigation:

**Lenovo (United States) Inc.**
8001 Development Drive
Morrisville, North Carolina 27560
United States of America
T: 855.253.6686

The Complainant is represented by:

Sean Cunningham
Helena Kiepura
Daniel Valencia
Kevin Kuhn
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Tel: 202-799-4000

Fax: 202-799-5000

Clayton Thompson
**DLA Piper LLP (US)**
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309
Tel: 404-736-7800
Fax: 404-682-7800

Jake Zolotorev
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Tel: 650-833-2000
Fax: 656-833-2001

Benjamin Yaghoubian
Meera Midha
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310-595-3000
Fax: 310-595-3300

Stephanie Piper
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-335-4500
Fax: 212-335-4501

Claire Schuster
Shuzo Maruyama
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02210
Tel: 617-406-6000
Fax: 617-406-6100

Robert Groselak
Aima Mori

**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606

3

Tel: 312-251-5710
Fax: 312-236-7516

The Defendants are the Respondents in that Investigation:

**ASUSTeK Computer Inc.**
No. 15, Li-De Road
Beitou District
Taipei 112, F5
Taiwan
Tel: 866.2.2894.3447

**ASUS Computer International**
48720 Kato Road
Fremont, California 94358
T: 510.739.3777

The Respondents are represented by:

M. Scott Stevens
Adam D. Swain
**ALSTON & BIRD LLP**
The Atlantic Building
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3300

Michael J. Newton
Brady Cox
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: 214-922-3400

Ross R. Barton
Nicholas C. Marais
Lauren N. Griffin
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28280-6818
Telephone: (704) 444-1000

Carter Babaz
**ALSTON & BIRD LLP**
One Atlantic Center

The Investigation is an administrative proceeding conducted by the United States International Trade Commission (the "ITC") under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"), based on a Complaint filed by Lenovo on November 15, 2023 (**Attachment C**). Section 337 prohibits importing goods into the United States for which unfair methods of competition or unfair acts have been used. The Complaint alleges unlawful importation into the United States, sale for importation into the United States, and sale within the United States after importation of certain electronic computing devices and components thereof (the "Accused Products") that Lenovo contends infringe one or more of its patents: U.S. Patent Nos. 10,952,203, 7,792,066, 7,760,189, and 8,687,354 (collectively, the "Asserted Patents"). Lenovo US seeks an exclusion order prohibiting importation of the Accused Products.

The ITC instituted the Investigation based on Lenovo's Complaint on December 15, 2023 and published a Notice of Investigation in the Federal Register on December 20, 2023. Three days after institution, the Investigation was assigned to Administrative Law Judge Monica Bhattacharyya to preside over the prehearing matters, conduct an evidentiary hearing, and issue an initial determination on the merits. The initial determination is subject to possible review by the ITC, with a right to appeal to the United States Court of Appeals for the Federal Circuit.

As part of proving its case before the ITC, Lenovo must establish that it has a "domestic industry" in the United States. To do so, it must prove that it sells products which practice the Asserted Patents ("Domestic Industry Products"). To obtain the remedy Lenovo seeks, the Asserted Patents must also be valid and enforceable.

ASUS seeks discovery from Realtek because Realtek supplies Wi-Fi chips used in the Accused Products and Lenovo's alleged Domestic Industry Products. ASUS also believes that Realtek is in possession of documents showing that the Asserted Patents are not valid and enforceable. ASUS believes that Realtek has unique documentation and information in its possession, custody, and control concerning the above mentioned issues that are essential to the subject matter of this Investigation.

Accordingly, this request is in the interest of justice.

## II.    DISCOVERY REQUESTED.

It is respectfully requested that the Appropriate Judicial Authority of Taiwan compel Realtek to produce documents responsive to the requests for production in **Attachment A** to this Letter Rogatory. It is additionally requested that the Appropriate Judicial Authority of Taiwan compel Realtek to make available for examination under oath the person(s) most knowledgeable to provide testimony regarding the deposition topics set forth in **Attachment B**. The requested documents and deposition testimony will provide important evidence related to the above proceeding. The Complaint is **Attachment C** to this Letter Rogatory. The Protective Order entered in the Investigation is included as **Attachment D** to this Letter Rogatory.

## III.   SPECIAL METHODS AND PROCEDURES REQUESTED TO BE FOLLOWED.

To the extent permitted by the applicable laws of Taiwan, this Court respectfully requests that the Appropriate Judicial Authority of Taiwan require that the following methods and procedures be followed in connection with the deposition and document production requested herein.

With regard to the production of documents identified in **Attachment A**, in the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that Realtek furnish a privilege log that identifies each document for which

any privilege is claimed and that provides, with respect to each document, the following information:

  a. the date that the document was created;

  b. the author(s)/sender(s) of the document;

  c. the recipient(s) of the document, including copy recipients;

  d. the general subject matter of the document;

  e. the portion of the document for which privilege is claimed; and

  f. the type of privilege claimed.

Additionally, it is respectfully requested that each document described in **Attachment A** be produced or provided for inspection and copying in its entirety, without abbreviation or redaction, as ordinarily maintained or in a reasonably usable form, at least ten (10) days before the first deposition.

With regard to the deposition, it is respectfully requested that an appropriate judicial official of Taiwan direct that the witness be duly sworn in accordance with the applicable procedures of Taiwan, and that the testimony be taken and transcribed by a qualified court reporter and videographer chosen by ASUS's representatives. It is further requested that:

  a. Realtek be required to designate one or more knowledgeable officers, directors, managing agents, employees, or other person(s) to testify on behalf of Realtek;

  b. Realtek be required to identify the person(s) who will testify pursuant to this request and the matter or matters about which each person will testify at least ten (10) days before the deposition;

  c. The examination be conducted orally;

  d. The parties' legal representative(s) or their designees, interpreters, and an official court reporter and videographer be permitted to be present during the examination;

  e. There be excluded from examination all persons other than those individuals permitted under point (d) and any official of the court of Taiwan or staff of the United States embassy and/or consulate required to be present during such proceedings;

  f. The official court reporter and videographer be permitted to record verbatim the examination;

g. The official court reporter and videographer be permitted to record the examination by audiovisual means;

h. The attorneys from the law firm of Alston & Bird LLP acting as legal representatives of ASUS be permitted to conduct the examination;

i. The attorneys conducing the examination be permitted to ask questions regarding the topics in **Attachment B**;

j. Seven (7) hours be allotted for the examination of each witness; and

k. The documents be provided by Realtek no later than ten (10) business days before the deposition at a convenient location to be determined.

It is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter Rogatory, and be informed as soon as practicable of the time and place for the examination of the witness:

**Realtek Semiconductor Corp.**
Number 2, Innovation Road II
Hsinchu Science Park
Hsinchu, 300
Taiwan (R.O.C.)

Finally, it is requested that the individual identified below be furnished as soon as practicable with a copy of the executed Letter Rogatory and be informed as soon as practicable of the time and place for the examination of the witnesses.

M. Scott Stevens
**ALSTON & BIRD LLP**
The Atlantic Building
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3300
Scott.Stevens@alston.com

## IV. URGENCY.

A response is requested by April 5, 2024, or as soon as practicable. The reason for such urgency is that under Section 337, investigations in the ITC must be completed "at the earliest practicable time." The hearing for this Investigation is set to begin as early as September 13, 2024. Expedient

treatment of this request will allow the parties and the witness(es) to arrange a mutually agreeable date for testimony and avoid disruption to the witness's(es') business or personal obligations/plans.

## V.    RECIPROCITY.

The United States District Court for the District of Columbia is willing to provide similar assistance to judicial authorities of Taiwan.

## VI.    REIMBURSEMENT FOR COSTS

To the extent that there are expenses associated with providing assistance in response to this Letter Rogatory, the fees and costs will be borne by Respondents. Requests for reimbursement may be submitted to Respondent's counsel via email to: Scott.Stevens@alston.com or U.S. mail to:

> M. Scott Stevens
> **ALSTON & BIRD LLP**
> The Atlantic Building
> 950 F Street NW
> Washington, DC 20004

**Date of Request: June 21 , 2024**

**Signature and Seal of Requesting Authority:**

The Honorable **John D. Bates**
United States District Court Judge
U.S. District Court for the District of Columbia